*NORWOOD* vs. *GREEN & AL.*

West'n Dis'ct
October, 1826.

APPEAL from the court of the sixth district.

The copy of a copy is not good evidence without accounting for the absence of better proof

5 ns 175
45 151
5 NS 175
113 868

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiffs sue to recover certain slaves described in their petition. They obtained judgment in the court below, from which the defendants appealed.

The evidence of title offered on the part of the appellees, is the copy of a bill of sale said to have been executed by John W yche to their ancestor, by which the property in dispute was regularly conveyed to him, and oral testimony of the contents of the original of this instrument. The copy which was admitted in evidence is taken from the records of Burke county, in the state of Georgia ; being certified in conformity with the provisions of the act of Congress for such cases. An objection was made, on the part of the defendants, to its admissibility, on the ground of its being the copy of a copy, which the court below overruled, and a bill of exceptions appears on the record to that effect. We are of opinion that it was properly received, under the certificate made in pursuance of the act of congress; leaving its legal effect on the

West'n Dis't
October 1826.

NORWOOD &
AL.
vs.
GREEN & AL.

rights and claims of the parties, uninfluenced by its reception.

As the laws of Georgia have not been shewn or proven to the court, the eff cts of an instrument thus circum-tanced must be ascertained in reference to the *leges fori*. According to our laws, the recording of an act under private signature, unless ack owledged by the parties to it before the proper recording officer, gives no additional force or effect to the original instrument ; and a copy taken from such a record wo ld not be legal or conclusive evid nce of the contents of the original. We are, therefore, of opinion that the copy, offered by the plaintiffs, of the bill of sale taken from the records of Burke county in Georgia, does not make out the title to the slaves claimed in the present action. Neither does this copy prove the genuineness of the original, altho' admitted to record on the affidavit of a subscribing witness to it ; for this is ex parte evidence, and ought not to be allowed to injure the rights of the defendants.

Admitting the loss of the deed of sale to have been proven in such a manner as to authorise testimonial proof of its contents, we believe that the plaintiffs have failed entirely

to prove its truth and genuineness. There is not one witness who says that he ever saw it and knew the hand writing of the subscribers. Why proof to this effect has not been obtained from the subscribing witness, is not accounted for; and until the impossibility of procuring his testimony be shewn, it is doubtful whether inferior proof ought to be admitted We conclude, that the plaintiffs have not made out their case, and therefore this case is similar to that of *Bradford's Heirs* vs. *Calvit*, 5 *Martin*, 662.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, there be judgment entered for the defendants as in case of nonsuit, with costs in both courts.

*Thomas* & *Scott* for the plaintiff, *Bullard* for the defendant.